```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MICHELLE R. NOONAN, as Beneficiary of
a Policy of Insurance Insuring the Life
of Robert F. Noonan, Deceased,

                    Plaintiff,        MEMORANDUM AND ORDER
                                      07-CV-0149(JS)(AKT)
         -against-

HARTFORD LIFE INSURANCE CO. and
GRIFFON CORP.,

                    Defendants.

----------------------------------------X
APPEARANCES:
For Plaintiff:      Kenneth A. Bernstein, Esq.
                    Michael A. Amodio, Esq.
                    Torino & Bernstein, P.C.
                    200 Old Country Road, Suite 220
                    Mineola, NY 11501

For Defendants:
Hartford Life       Jay Kenigsberg, Esq.
Insurance Co.       Norman L. Tolle, Esq.
                    Rivkin Radler, LLP
                    926 EAB Plaza
                    Uniondale, NY 11556

Griffon Corp.:      Lonnie Coleman, Esq.
                    Lisa R. Dvoskin, Esq.
                    Moomjian, Waite, Wactlar & Coleman LLP
                    100 Jericho Quadrangle, Suite 225
                    Jericho, NY 11753
```

SEYBERT, District Judge:

Pending before the Court are motions for summary judgment filed by both Defendants, Hartford Life Insurance Co. ("Hartford") and Griffon Corp. ("Griffon") (collectively "Defendants"). For the reasons that follow, the Court GRANTS summary judgment for both Defendants.

BACKGROUND[1]

Robert F. Noonan ("Decedent") was employed by Telephonics Corporation ("Telephonics"), a division of Griffon. (Hartford R. 56.1 Statement ¶ 1). Decedent was insured for accidental death benefits under Hartford policies ADD-6442 and ADD-6445[2] (collectively, the "Policies"), issued by Hartford as part of Telephonics' Employee Welfare Benefit Plan. Decedent's widow, Michelle R. Noonan ("Noonan" or "Plaintiff"), was the named beneficiary under the Policies. Because the Policies are part of an employer-sponsored benefit plan for the employees of Griffon, they are therefore governed by the Employee Retirement and Income Security Act of 1974, as amended, 29 U.S.C. §§ 1101 et seq. ("ERISA"). The Second Amended Complaint alleges that Defendants breached 29 U.S.C. § 1132(a)(1)(B) by improperly denying Plaintiff's claim for benefits under the Policies and by failing to credit the Decedent with the full amount of coverage he had purchased.

On January 11, 2005, Decedent died while driving his Subaru southbound on Route 110 in the Town of Babylon, New York.

---

[1] The facts contained herein are taken from the parties' Local Rule 56.1 Statements. The Court notes that Plaintiff only submitted a 56.1 Counter-Statement opposing Hartford's 56.1 Statement, and not one opposing Griffon's.

[2] Participation in one policy was mandatory and participation in the other was voluntary. The Complaint does not state which is which.

(Compl. ¶ 7). The Death Certificate cited the cause of death as "Acute Aortic Dissection. (Hartford R. 56.1 Statement ¶ 5.) In the section of the Death Certificate labeled "Other significant factors contributing to death," the following factors were listed: "Cocaine Toxicity, Hypertensive Cardiovascular Disease." (Id. ¶ 6.) The Decedent had a history of hypertension. (Id. ¶ 15.) In the section of the Death Certificate labeled "Describe How Injury Occurred," the following was stated: "Took Cocaine." (Id. ¶ 7.) Subsequently, Plaintiff properly followed the procedure for filing her claims under the Policies; however, on or about December 16, 2005, Hartford denied Plaintiff's claims. (Id. ¶ 19.) Plaintiff appealed the denials, but was unsuccessful.

The dispute before the Court arises from the parties' varied interpretations of 1) Decedent's cause of death and 2) language of the Policies. The Policies provide benefits if the Decedent's death resulted from an "injury." "Injury" is defined in the Policies to mean "bodily injury resulting directly and independently of all other causes from an accident which occurs while the Insured Person is covered under this Policy." The Policies further state that "[l]oss resulting from: a) sickness or disease, except a puss forming infection which occurs through an accidental wound; or b) medical or surgical treatment of a sickness or disease; is not considered as resulting from injury." (Id. ¶ 9.) According to Plaintiff, Decedent's death was "accidental;"

3

therefore, she is entitled to payment of the $750,000 payout under the Policies. In contrast, Hartford asserts that Decedent's death was not accidental, and even if it was, it was not solely the result of an accident. Therefore, Hartford argues, Plaintiff is not entitled to any payment under the language of the Policies. Hartford filed its summary judgment motion on January 28, 2009. The next day, on January 29, 2009, Griffon filed its summary judgment motion. Griffon argues as its only basis for summary judgment that Plaintiff's claim against Griffon is totally dependent on Plaintiff's bringing a successful claim against Hartford. "If Hartford correctly determined that Decedent's death was not an accidental death within the definition of the policy, there is no claim against Griffon." (Griffon Mem. in Supp. 5.)

For the reasons that follow, the Court GRANTS summary judgment in favor of both Defendants.

## DISCUSSION

"Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law." <u>Harvis Trien & Beck, P.C. v. Fed. Home Loan Mortgage Corp. (In re Blackwood Assocs., L.P.)</u>, 153 F.3d 61, 67 (2d Cir. 1998) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); <u>see</u> <u>also</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

4

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134. But while the moving party bears the initial burden, "once such a showing is made, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). "Mere conclusory allegations or denials will not suffice." William v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). Similarly, "unsupported allegations do not create a material issue of fact." Weinstock, 224 F.3d at 41.

In this case, Plaintiff argues that summary judgment is inappropriate because the parties dispute the cause of Decedent's death. She makes much of the question of whether Decedent's death was the result of an "accident," stating that Decedent's demise was not the result of natural causes, and that "[b]ut for the cocaine, [Mr. Noonan's] death would not have occurred in the fashion it did and at that time and place. (Pl.'s Mem. in Opp'n 5 (second alteration in original).) In other words, Plaintiff asserts that

5

Decedent's intentional ingestion of cocaine resulted in his accidental death. This argument is misguided on several levels.

Both parties agree that: (1) Decedent was killed by an acute aortic dissection, and (2) a contributing factor to Decedent's passing was his intentional ingestion of cocaine.[3] That is the end of the story.[4] It is true that the Policies do not define the term accident. Even assuming <u>arguendo</u> that the acute aortic dissection should be classified as an accident, the Policies do not permit recovery for accidents with contributing factors. In fact, the Policies only allow recovery for injuries "resulting directly and <u>independently</u> <u>of</u> <u>all</u> <u>other</u> <u>causes</u>." (Hartford R. 56.1 Statement ¶ 9 (emphasis added).) In this case, Decedent's cocaine usage clearly was a contributing factor to his death. Accordingly, his bodily injuries do not fall within those covered by the Policies.[5]

---

[3] Plaintiff never asserts that the Decedent was drugged, so the Court presumes that Decedent intentionally used cocaine.

[4] Defendants assert, and Plaintiff disputes, that Decedent's hypertension was an additional contributing factor to his death. But the role, if any, that Decedent's hypertension played is not material for purposes of deciding this motion. Even if Decedent's hypertension did not contribute to Decedent's demise, or in the alternative did contribute but could not be classified as a "sickness or disease" under the Policies, Plaintiff's argument still fails.

[5] Plaintiff also argues that the real cause of Decedent's death was his cocaine use. In other words, Plaintiff posits, this usage accidentally caused Decedent's death. Because, under Plaintiff's theory, Decedent died only from the cocaine use and independently of all other causes, Plaintiff should recover.

CONCLUSION

For the foregoing reasons, the Court GRANTS summary judgment in favor of both Defendants. All of Plaintiff's claims are DISMISSED, and the Clerk of the Court is directed to mark this matter CLOSED.

```
                                SO ORDERED

                                /s/ JOANNA SEYBERT
                                Joanna Seybert, U.S.D.J.
```

Dated:    September   25  , 2009
          Central Islip, New York

---

The Court fails to see how Plaintiff can credibly argue that Decedent's intentional and illegal drug use constitutes an accident. Putting aside the troubling concept of allowing recovery under an insurance policy for Decedent's illegal behavior, absent allegations that Decedent was drugged against his will, the Court finds that Decedent's actions cannot be construed as accidental by any stretch of the imagination.

7